**ORIGINAL**

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAR **1 3** 2006

**MICHAEL N. MILBY, CLERK OF COURT**

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CHYKEETRA S. MALTBIA | ' | |
| | ' | |
| PLAINTIFF | ' | CIVIL ACTION NO. |
| | ' | |
| v.s. | ' | **H   06   0834** |
| | ' | |
| LINCOLN G. COFFIE, DEAN LAUREE | ' | |
| THOMAS AND UNIVERSITY OF | ' | |
| TEXAS MEDICAL BRANCH, | ' | |
| SCHOOL OF MEDICINE | ' | |
| | ' | JURY TRIAL REQUESTED |
| | ' | |
| DEFENDANTS | ' | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Jurisdiction and Venue

1.      This action alleging a violation of Chykeetra S. Maltbia rights to be free from assault, retaliation for filing a complaint of sexual assault by Dean Lauree Thomas and the University of Texas Medical Branch at Galveston, denial of due process – administrative, failure to inform of rights and procedures pursuant to Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 and it's implementing regulation at 34 C.F.R. Part 106 for complaints of sexual harassment/retaliation by Associate Dean Lauree Thomas and the University of Texas Medical Branch at Galveston.

2.      All administrative remedies and other conditions precedent, to the extent they were disclosed to Plaintiff were either attempted and/or exhausted and/or performed prior to the filing of this original complaint: 1) sex discrimination and retaliation were filed by Plaintiff with the United States Department of Education Office for Civil Rights Southern Division, Dallas Office November 8, 2004 for acts of Associate Dean Lauree Thomas and the University of Texas Medical Branch at Galveston; 2) the United States Department of Education Office for Civil Rights Southern Division, Dallas Office

**Page 1**

declined to accept the charges finding that Plaintiff had not filed her complaint against Associate Dean Lauree Thomas and the University of Texas Medical Branch at Galveston for sex discrimination and retaliation for her having made a complaint against the perpetrator of the sexual assault Defendant Coffee within 180 days of the date of the alleged discrimination; 3) Plaintiff asserts the principal of the doctrine of equitable tolling, as set forth by the Supreme Court in Baldwin County Welcome Center, 104 S.Ct. at 1725-26, in that Plaintiff asserts that the Defendants, Associate Dean Lauree Thomas and the University of Texas Medical Branch at Galveston, through affirmative misconduct, lulled the plaintiff into inaction, and that, as such, the 180-day period for filing the charge of discrimination should be tolled, to wit: during the applicable time period, Plaintiff made several requests – orally and in writing – concerning complaints and what to do about the retaliation of Associate Dean Lauree Thomas and the University of Texas Medical Branch at Galveston with Judy Slocumb-Ferrell, Assistant Dean of Medicine and Dr. Lemon, Dean, University of Texas Medical Branch at Galveston, from December 16, 2003 until the date of her submission of complaint to  the United States Department of Education Office for Civil Rights Southern Division, Dallas Office November 8, 2004, wherein response to the action of said agency Plaintiff expressly responded to the inquiry as to why she had not filed sooner, she responds she did not know she could.

3.      The acts or omissions, which serve as the basis for this cause of action, occurred in the State of Texas.  Defendant Lincoln G. Coffie is a medical student at University of Texas Medical Branch at Galveston; Defendant Dr. Lauree Thomas is an administrator and Dean at University of Texas Medical Branch at Galveston; Defendant University of Texas Medical Branch at Galveston is an agency of the State of Texas and medical school located in Galveston, Texas.  Venue is proper in this division and Court.

**Parties**

4.      Plaintiff, Chykeetra S. Maltbia, is a resident of Galveston County, Texas.  All incidences that

form the basis of this suit occurred in Galveston, Texas.  Plaintiff may be contacted or served through

her attorney: Jimmie L. J. Brown, Jr., 6666 Harwin Drive, Suite 340, Houston, Texas 77036.

5.      Defendants:

a.      Defendant, **LINCOLN G. COFFIE,** is an individual may be served with process by service

upon him at 624 Ave F, Galveston, Texas 77550, or he may be located at 301 University Boulevard,

Galveston, Texas 77555-1317, where he is a medical student.

b.      Defendant, **ASSOCIATE DEAN LAUREE THOMAS, M.D.,** is an individual and is served

in her personal and representative capacity, may be served with process by service of process upon her

at The University of Texas Medical Branch, G.210 Ashbel Smith Building, and 301 University

Boulevard, Galveston, Texas 77555-1317.

c.      Agent for service, **Dr. John D. Stobo, President, University of Texas Medical Branch at**

**Galveston UNIVERSITY OF TEXAS MEDICAL BRANCH, SCHOOL OF MEDICINE , is**

the representative of Defendant **UNIVERSITY OF TEXAS MEDICAL BRANCH, SCHOOL OF**

**MEDICINE,** a agency of the State of Texas and Medical School in the State of Texas, and may be

served with process by service of process upon its agent for service, The University of Texas Medical

Branch, Suite 604, Administration Building, 301 University Boulevard, Galveston, Texas 77555-1317.

**STATEMENT OF THE CASE**

6.      Plaintiff brings this action under the State Causes of Action for Assault and the

Intentional Infliction of Emotional Distress against Defendants Lincoln G. Coffie and Associate Dean

Lauree Thompson in her individual capacity;  for discrimination and retaliation under Title IX of the

Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 and it's implementing regulation at 34

C.F.R. Part 106 for complaints of sexual harassment/retaliation by Associate Dean Lauree Thomas, in

her official capacity, and the University of Texas Medical Branch at Galveston; and for denial of due procedural due process in violation of 18 U.S.C. § 1983 against Associate Dean Lauree Thomas, in her official capacity, and the University of Texas Medical Branch at Galveston.

7.      Plaintiff is an African American Female medical student attending University of Texas Medical Branch at Galveston, to graduate June 2006.

8.      On or about November 18, 2003, Defendant Lincoln Coffie, a 2nd year medical student, appeared at the apartment of Plaintiff.

9.      Defendant Coffie asserts that he was invited and believed the invite to include an opportunity to have sex with Plaintiff.

10.     Plaintiff and Defendant Coffie were formerly pre-med students at Baylor University.

11.     Plaintiff denies ever having been romantically interested in Defendant Coffie and denies ever having had sex with Defendant Coffie during their tenure/attendance at Baylor University.

12.     Between the hours of 7:00 p.m. and 8:18 p.m., November 18, 2003, Defendant Coffie attempted to forcefully have sex with Plaintiff.

13.     Defendant Coffie, feigning being hot, removed his shirt in her apartment and then attempted to forcefully kiss Plaintiff.  His move was so sudden that he struck Plaintiff's glasses with is face, dislodging Plaintiff's glasses.

14.     Plaintiff attempted to locate her glasses on the couch.  While she was attempting to locate her glasses, Defendant Coffie came up from behind her and grabbed her slightly under her bust line and forcefully placed Plaintiff in a head lock.

15.     Plaintiff was forcefully drug to her bedroom, where Defendant Coffie threw her to Plaintiff's bed and pounced upon her.  Plaintiff attempted to resist Defendant Coffie.

16.     Plaintiff's efforts to resist Defendant Coffie were – at the first instance futile – and Defendant Coffie succeeded in forcefully removing Plaintiff's clothes, bra and panties (tearing the

**Page  4**

panties).

17.     Defendant Coffie then attempted to remove his pants.

18.     While doing so, Plaintiff (naked) rushed and struck Defendant Coffie with her body and kicks, unbalancing Defendant Coffie and causing Defendant Coffie to stumble backwards out of Plaintiff's bedroom.

19.     Plaintiff, succeeding in getting Defendant Coffie out of her bedroom, quickly locked her bedroom door, placed a dresser behind the door and called the police "911" from the phone in her bedroom.

20.     While on the phone in her bedroom, Defendant Coffie picked up the phone in the living room and attempted to speak to the "911" operator.  The police responded to the scene, noting that Defendant Coffie was wearing Plaintiff's pants and, upon inspection of the bedroom, noted the disturbance of the room, Plaintiff's torn panties, and Plaintiff's extreme emotional state.

21.     Upon taking the statements of both parties, Defendant Coffie was arrested, subsequently indicted for attempted sexual assault and is currently pending trial.

22.     On November 19, 2003, Plaintiff obtained an emergency protective order, which included an injunction prohibiting Defendant Coffie from communicating or coming within 200 yards of Plaintiff.

23.     Upon receipt of the emergency protective order, Plaintiff presented same to Defendant Associate Dean Lauree Thomas.  (Defendant Thomas)

24.     Upon presentment of the order, Defendant Thomas communicated her disbelief of Plaintiff's claim that Defendant Coffie had attempted to rape her.

25.     Defendant Thomas would solicit Plaintiff to come to her office.  When Plaintiff would appear, Defendant Thomas would use this opportunity to convince and persuade Plaintiff to drop the charges against Defendant Coffie, to forgive Defendant Coffie, to take comfort in the fact that

Defendant Coffie did not 'get it', and to just let things go and to get on with her life.

26.     Plaintiff pursued the strictest and ardent restrictions against Defendant Coffie, however, Defendant Thomas actively advocated on the behest of Defendant Coffie, even testifying on the behalf of Defendant Coffie to modify and reduce the restrictions and limitations in the emergency protective order.

27.     Defendant Coffie did not, in her communications with Plaintiff, communicate concern or care for the welfare of Plaintiff. Her communications were usually terse and uncaring, not in any way sympathetic to Plaintiff's fears and resentments concerning Defendant Coffie.

28.     In fact, Defendant Thomas, also black, appeared to be genuinely unconcerned with the fears of Plaintiff and how his presence on campus would discomfort her and affect her academic performance.

29.     Defendant Thomas confessed and admitted to Plaintiff that she personally knew Defendant Coffie and did not believe him to be capable of the rape or assault of the type that Plaintiff had communicated and informed Plaintiff that if she did not drop the claim, that continuing medical school would be difficult for her.

30.     Plaintiff requested, and demanded, that either Defendant Coffie be transferred to another UT medical school or that she be permitted to transfer to another school. Defendant Thomas did not respond and took no further actions.

31.     Plaintiff made several requests – orally– to Defendant Thomas that she transfer either Plaintiff or Defendant Coffie.

32.     Defendant Thomas made several comments to Plaintiff wherein it became clear that any claim of neutrality made by Defendant Thomas was feigned and illusory.

33.     As a result, Plaintiff then pursued her concerns over the retaliatory treatment she was receiving from Defendant Thomas, Plaintiff contacted the Assistant District Attorney for Galveston

**Page 6**

County, directing a call to Defendant Thomas to cease or risk a criminal charge of witness tampering.

34.     Plaintiff then pursued her concerns over the retaliatory treatment she was receiving from Defendant Thomas for having complained against Defendant Coffie and making criminal charges to Dean Lemon.

35.     Plaintiff contacted Dr. Lemon, via Associate Dean Lauree Thomas and the University of Texas Medical Branch at Galveston with Judy Slocumb-Ferrell, Assistant Dean of Medicine and Dr. Lemon, Dean, University of Texas Medical Branch at Galveston and would continue to talk to her concerning the problems she was having with Dr. Thomas.

36.     Some of the correspondence with Assistant Dean Ferrel were reduced to writing in the form of emails. One such email is from December 16, 2003. Assistant Dean Ferrel indicates that Plaintiff is attempting to address and pursue her concerns concerning Defendant Thomas.

37.     Assistant Dean Ferrel admits that she had not either gotten in contact with Dean Lemon, or that Dean Lemon had not responded. In either event, no response was given to Plaintiff and no direction or procedures were given or provided to Plaintiff concerning claims or rights she may have had against Defendant Thomas and/or Defendant University of Texas Medical Branch at Galveston for discrimination and/or retaliation.

38.     As a result, Defendant University of Texas Medical Branch at Galveston caused Plaintiff to be put into contact with S. Daniel Carter, of Security on Campus, Inc. on or about September 2, 2004.

39.     However, Plaintiff is not informed by him or by any representative of Defendant University of Texas Medical Branch at Galveston that she has a claim against Defendant Thomas and/or Defendant University of Texas Medical Branch at Galveston for discrimination and/or retaliation and that such claim was to be filed on or before the expiration of 180-days from the date of incident, or risk the loss of pursuing such claim.

**Page 7**

40.     Defendant University of Texas Medical Branch at Galveston, in its student handbook does not notice, advise, and/or inform a student of his/her rights and procedural remedies in accordance with Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 and it's implementing regulation at 34 C.F.R. Part 106 for complaints of discrimination, sexual harassment/retaliation, etc., by any employee of Defendant pursuant to that she has a claim against Defendant Thomas and/or Defendant University of Texas Medical Branch at Galveston, or an act by a student giving rise to a claim cognizable under Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. § 1681 and it's implementing regulation at 34 C.F.R. Part 106.

41.     As a result to the conscience non-disclosure of Defendant University of Texas Medical Branch at Galveston for discrimination and/or retaliation and that such claim was to be filed on or before the expiration of 180-days from the date of incident, or risk the loss of pursuing such claim, such was intentional and intended to cause Plaintiff to forego and deny Plaintiff the opportunity to redress her claims against Defendant Thomas and Defendant University of Texas Medical Branch at Galveston for discrimination and/or retaliation.

42.     Administratively, Plaintiff pursued complaint against Defendant Coffie under the Student Code of Conduct violations, the panel – it is believed selected by Defendant Thomas – found that Defendant Coffie had engaged in sexual harassment of Plaintiff and imposed conditions tantamount to restrictions on his person.  Defendant Coffie was not suspended or expelled.  Plaintiff appealed this decision.

43.     The results of the decision were final March 29, 2004.  This present action is filed within 2 years of this date.

44.     Plaintiff files suit for Assault and the Intentional Infliction of Emotional Distress against Defendants Lincoln G. Coffie and Associate Dean Lauree Thompson in her individual capacity; for the cause of action for discrimination and retaliation under Title IX of the Education Amendments of 1972

**Page  8**

(Title IX), 20 U.S.C. § 1681 and it's implementing regulation at 34 C.F.R. Part 106 for complaints of sexual harassment/retaliation by Associate Dean Lauree Thomas, in her official capacity, and the University of Texas Medical Branch at Galveston; and for denial of due procedural due process in violation of 18 U.S.C. § 1983 against Associate Dean Lauree Thomas, in her official capacity, and the University of Texas Medical Branch at Galveston.

45.     As a result of the actions of Defendants, singularly and collectively, Plaintiff has incurred unnecessary financial expense in continuing to purse her medical education at University of Texas Medical Branch at Galveston where, as a direct result of the conduct of Defendant Coffie and insensitivity of Defendants Thomas and University of Texas Medical Branch at Galveston, Plaintiff was made to attempt to perform in an hostile environment.

46.     Plaintiff has incurred counseling and medical bills as a result of the actions of all Defendants.

47.     The reasons given by Defendants for these actions, if any, are pre-textual, fabricated and/or known to be false at the time they were used as a basis for acting against Plaintiff.

## DAMAGES

48.     Because of statutorily impermissible acts of Defendant and its representatives, Plaintiff has suffered loss of income, loss of career opportunity and loss of career investment, opportunity to be surgeon.  As a consequence of the outrageous, intentional and malicious actions by the Defendant and its representatives, Plaintiff has suffered humiliation, emotional pain and suffering, inconvenience, loss of enjoyment of life, irritation and mental anguish.  Plaintiff seeks compensatory, punitive and equitable damages in the maximum amount allowed by law against Defendants Coffie and Thomas in her individual capacity.

49.     Paragraphs one (1) through forty-five (45) of this complaint/petition are incorporated by reference and made a part of Causes of Action One through Five, inclusive.

**Page  9**

## Causes of Action

## Cause of Action One-Assault

50.      A person commits an assault if the person: (1) intentionally, knowingly, or recklessly causes bodily injury to another; (2) intentionally or knowingly threatens another with imminent bodily injury; or (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. TEX. PEN. CODE ANN. § **22.01**(a).

51.      Plaintiff asserts that Defendant Coffie did intentionally and/or knowingly cause bodily injury when he attempted to rape Plaintiff in striking Plaintiff with his head, in grabbling Plaintiff, in grabbing Plaintiff's pony tail (hair), in forcefully removing Plaintiff's clothes, in embracing Plaintiff's breasts, in fondling Plaintiff's breasts, and in forcefully holding Plaintiff's hands.

52.      Plaintiff asserts that Defendant Coffie did threatened to rape Plaintiff in striking Plaintiff with his head, in grabbling Plaintiff, in grabbing Plaintiff's pony tail (hair), in forcefully removing Plaintiff's clothes, in embracing Plaintiff's breasts, in fondling Plaintiff's breasts, and in forcefully holding Plaintiff's hands, and that these acts caused bodily injury.

53.      Defendant Coffie did intentionally and/or knowingly cause contact with Plaintiff when he attempted to rape Plaintiff by striking Plaintiff with his head, in grabbling Plaintiff, in grabbing Plaintiff's pony tail (hair), in forcefully removing Plaintiff's clothes, in embracing Plaintiff's breasts, in fondling Plaintiff's breasts, and in forcefully holding Plaintiff's hands, and that he should have reasonably believed that such contact(s) would be regarded as offensive.

54.      The actions of Defendant Coffie were not consented to.

55.      The actions of Defendant Coffie injured Plaintiff, for which she seeks damages against Defendant Coffie in an amount not less than $250,000.00.

## Cause of Action Two - Intentional Infliction of Emotional Distress

56.     In order to recover damages for intentional infliction of emotional distress, a plaintiff must establish that: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe.

57.     In making such a claim, Plaintiff does not have to establish that the defendant intentionally or recklessly caused her to suffer a physical injury or intentionally or knowingly caused an offensive or provocative contact.

58.     As to this Cause of Action, Plaintiff asserts that Defendants Coffie and Thomas, in her individual capacity, jointly and severally, acted intentionally or recklessly to cause Plaintiff emotional harm in that Defendant Coffie's actions in attempting to rape Plaintiff and in assaulting Plaintiff, as well as Defendant Thomas' barrage and efforts to cause Plaintiff to dismiss her claim of Assault against Defendant Coffie, in failing to transfer Plaintiff as she requested and in the attempts to coerce Plaintiff, in her capacity as Associate Dean of Student Affairs.

59.     As to this Cause of Action, Plaintiff asserts that Defendants Coffie and Thomas, in her individual capacity, jointly and severally; that the conduct of Defendant Coffie was extreme and outrageous and that the conduct of Defendant Thomas was, likewise, extreme and outrageous.

60.     As to this Cause of Action, Plaintiff asserts that Defendants Coffie and Thomas, in her individual capacity, jointly and severally, caused the Plaintiff emotional distress.

61.     As to this Cause of Action, Plaintiff asserts that the resulting emotional distress was severe: to include loss of sleep, loss of concentration, fear to be alone, fear to walk on campus, dread, avoidance, loss of appetite, nausea, vomiting, and diarrhea.

## Cause of Action Three – Violation of Title IX –Retaliation

**Page 11**

62.    Title IX provides, in pertinent part, that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . ."
**20 U.S.C. § 1681**(a).

63.    As to Defendants Thomas and University of Texas Medical Branch at Galveston, Plaintiff asserts that Defendants retaliated against her for having filed a complaint and criminal charges against Defendant Coffie for sexual assault.

64.    In response to Plaintiff's having filed her claim and obtaining a protective order, Defendant Thomas, in her official capacity, attempted to have Plaintiff dismiss her charge against Defendant Coffie, and in a series of actions and meetings, met with Plaintiff to use her official capacity to dissuade Plaintiff from pursuing her claim against Defendant Coffie.

65.    Defendant Thomas, in her official capacity, for Defendant University of Texas Medical Branch at Galveston, refused to permit Plaintiff to transfer and/or to alter her school conditions to take steps to protect herself and eliminate the emotional and mental pressure of meeting her assailant.

66.    Defendant University of Texas Medical Branch at Galveston retaliated in failing to provide or address the complaints Plaintiff made concerning the retaliation and conduct of Defendant Thomas as voiced and raised with Judy Slocumb-Ferrell, Assistant Dean of Medicine and Dr. Lemon, Dean, University of Texas Medical Branch at Galveston.

67.    Defendant University of Texas Medical Branch at Galveston did not address the concerns or respond to the oral and written complaints of Plaintiff and failed to inform Plaintiff of her rights and procedures pursuant to Title IX.

68.    As a result of the actions of Defendants, singularly and collectively, Plaintiff has incurred unnecessary financial expense in continuing to purse her medical education at University of

**Page 12**

Texas Medical Branch at Galveston where, as a direct result of the conduct of Defendants Thomas and University of Texas Medical Branch at Galveston, Plaintiff was made to attempt to perform in an hostile environment.

69.     Plaintiff has incurred counseling and medical bills as a result of the actions of all Defendants.

## Cause of Action Four – Violation of  18 U.S.C § 1983 – Violation of Substantive Due Process

70.     To state a claim under § 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.

71.     A local government entity, such as a school district, may be held liable under § 1983 for constitutional violations committed pursuant to a governmental policy or custom.

72.     Plaintiff, in accordance to Title IX, has the right to be free from sexual harassment and retaliation.

73.     The written policies of Defendant University of Texas Medical Branch at Galveston, failed to inform Plaintiff, or anyone else, of his or her rights and/or procedures in the event he or she is discriminated against by an employee and/or representative of Defendant University of Texas Medical Branch at Galveston.

75.     In addition, Dean Thomas and Defendant University of Texas Medical Branch at Galveston via Judy Slocumb-Ferrell, Assistant Dean of Medicine and Dr. Lemon, Dean, University of Texas Medical Branch at Galveston, did fail to inform and/or apprise Plaintiff of her right to pursue claim for redress against Defendant and wrongfully withheld this information to deprive Plaintiff of her opportunity to pursue redress for the discriminatory behavior of Defendants Judy Slocumb-Ferrell, Assistant Dean of Medicine and Dr. Lemon, Dean, University of Texas Medical Branch at Galveston.

**Page 13**

76.      As a result of the actions of Defendants, singularly and collectively, Plaintiff has incurred unnecessary financial expense in continuing to purse her medical education at University of Texas Medical Branch at Galveston where, as a direct result of the conduct of Defendants Thomas and University of Texas Medical Branch at Galveston, Plaintiff was made to attempt to perform in an hostile environment.

77.      Plaintiff has incurred counseling and medical bills as a result of the actions of all Defendants.

**Cause of Action Five  – Violation of  18 U.S.C § 1983 – Violation of Procedural  Due Process**

78.      Procedural due process entitles a person to a hearing before being deprived of an interest protected by the Fourteenth Amendment. *Bd. of Regents v. Roth,* **408 U.S. 564**, **570**, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972).

79.      Procedural due process rights do not vest in a party who has failed to seek a hearing before filing suit.

80.      A local government entity, such as a school district, may be held liable under § 1983 for constitutional violations committed pursuant to a governmental policy or custom.

81.      Plaintiff, in accordance to Title IX, has the right to be free from sexual harassment and retaliation.

82.      The written policies of Defendant University of Texas Medical Branch at Galveston, failed to inform Plaintiff, or anyone else, of his or her rights and/or procedures in the event he or she is discriminated against by an employee and/or representative of Defendant University of Texas Medical Branch at Galveston.

83.      Plaintiff, December 16, 2003, made inquiry with regard to her treatment from Associate Dean Thomas and requested assistance and the steps to take.

84.      Defendant University of Texas Medical Branch at Galveston via Judy Slocumb-Ferrell,

**Page  14**

Assistant Dean of Medicine and Dr. Lemon, Dean, University of Texas Medical Branch at Galveston, indicated that they would provide this information . However, they did failed to inform and/or apprise Plaintiff of her right to pursue claim for redress against Defendant and wrongfully withheld this information to deprive Plaintiff of her opportunity to pursue redress for the discriminatory behavior of Defendants Judy Slocumb-Ferrell, Assistant Dean of Medicine and Dr. Lemon, Dean, University of Texas Medical Branch at Galveston.

85.     As a result, the United States Department of Education Office for Civil Rights Southern Division, Dallas Office declined to accept the charges finding that Plaintiff had not filed her complaint against Associate Dean Lauree Thomas and the University of Texas Medical Branch at Galveston for sex discrimination and retaliation for her having made a complaint against the perpetrator of the sexual assault Defendant Coffee within 180 days of the date of the alleged discrimination.

86.     As a result of the actions of Defendants, singularly and collectively, Plaintiff has incurred unnecessary financial expense in continuing to purse her medical education at University of Texas Medical Branch at Galveston where, as a direct result of the conduct of Defendants Thomas and University of Texas Medical Branch at Galveston, Plaintiff was made to attempt to perform in an hostile environment.

87.     Plaintiff has incurred counseling and medical bills as a result of the actions of all Defendants.

## Relief One

88.     Plaintiff seeks injunctive relief asking the Court to order the defendant to refrain from harassing or retaliating against Plaintiff  in any manner regarding either continued medical school education with Defendant or in her pursuit of future education elsewhere.

## Relief  Two

89.     Plaintiff seeks an award of the return of her medical school tuition and fees and costs

## Page  15

for the last two years.

### Relief Three

90.     Plaintiff seeks an award of pre- and post-judgment interest on any amounts awarded to Plaintiff.

### Relief Four

91.     Plaintiff is entitled to compensatory damages in an amount not to exceed $300,000.00.

### Relief Five

92.     Plaintiff is entitled to punitive damages from Defendants Coffie and Thomas, in her individual capacity, in an amount not to less than $500,000.00.

### Relief Six

93.     Plaintiff is entitled to reasonable attorney fees and costs.

## PRAYER FOR RELIEF

Plaintiff requests this Court to cause Defendants to be cited to appear and answer in this Court, and that upon final hearing, the Court grant to plaintiffs as follows:

1.     Grant Plaintiff injunctive relief enjoining defendant, its agents, successors, and those acting in concert with it or at its direction from continuing to abridge the rights of plaintiff;

2.     Grant Plaintiff all medical school tuition and fees and costs for the last two years;

3.     Grant Plaintiff damages for Defendants' Coffie and Thomas acts of assault and intentional infliction of emotional distress against Plaintiff;

4.     Grant Plaintiff compensatory damages for Defendants' acts of discrimination and retaliation against Plaintiff;

5.     Grant plaintiffs pre-judgment and post-judgment interest in the highest amounts allowable by law;

6.     Grant Plaintiff reasonable attorneys' fees, together with her costs; and

**Page 16**

7.    Such other and further relief as appears just and equitable in the circumstances of this case.

Dated:  Originally filed March 13, 2006.

Respectfully submitted,

Law Office of Jimmie L. J. Brown, Jr.
6666 Harwin Drive, Suite 340
Houston, Texas 77036
(713) 339-2475
(713) 339-2476  Facsimile

BY:

Jimmie L. J. Brown, Jr.
STATE BAR NO.: 03141210
ATTORNEY FOR PLAINTIFF

**Page  17**