IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHYKEETRA S. MALTBIA,<br>    Plaintiff | §<br>§<br>§<br>§ | |
| v. | § | Civil Action No. H-06-CV-0834 |
| | §<br>§ | |
| LINCOLN G. COFFIE, DEAN LAUREE THOMAS and UNIVERSITY OF TEXAS MEDICAL BRANCH, SCHOOL OF MEDICINE,<br>    Defendants. | §<br>§<br>§<br>§<br>§ | |

## UTMB DEFENDANTS' ORIGINAL ANSWER
## AND AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME, Defendants, Dean Lauree Thomas and the University of Texas Medical Branch, School of Medicine ("UTMB Defendants") and in response to Plaintiff's Original Complaint, respectfully submit the following answer with affirmative defenses, in the same order as the numbered paragraphs in Plaintiff's complaint.

### Jurisdiction and Venue

1. Defendants admit that Plaintiff is alleging these violations but deny the allegations.

2. Defendants are unable to admit or deny whether Plaintiff exhausted or attempted to exhaust her administrative remedies but deny that they in any way interfered with, delayed or committed misconduct toward Plaintiff in making her complaint to the Office of Civil Rights. Defendants deny all allegations sex discrimination and retaliation.

3. Defendants admit the first sentence in this paragraph. As to the second sentence, Defendants admit that Lincoln Coffie is a medical student, that Dr. Thomas is the Associate Dean of

Admissions and Student Affairs, and that UTMB is an agency of the State of Texas and a medical school located in Galveston, Texas. Defendants agree that venue is proper in the Southern District of Texas, but deny that venue is proper in the Houston Division as alleged in the third sentence in this paragraph.

## Parties

4. Defendants lack sufficient information or knowledge to admit or deny the first sentence in this paragraph. Defendants deny any acts or omissions that Plaintiff has alleged, but lack sufficient information or knowledge to admit or deny that all the incidences that Plaintiff has alleged occurred in Galveston, Texas. Defendants will admit that all their contact with Plaintiff has occurred in Galveston. The last sentence requires no response.

5.
   a. Defendants admit that Lincoln Coffie is a medical student, but lack sufficient information or knowledge to admit or deny the remainder of this sub-paragraph.
   b. Defendants admit this paragraph.
   c. Defendants admit that Dr. Stobo is the president of UTMB. UTMB may be served through the UTMB Department of Legal Affairs, 301 University Blvd., Galveston, Texas 77555-0171.

## Statement of the Case

6. Defendants admit that Plaintiff has brought these claims but deny all allegations against them.
7. Admit.
8. Defendants lack sufficient information or knowledge to admit or deny this allegation.
9. Defendants lack sufficient information or knowledge to admit or deny this allegation.

10. Admit.

11. Defendants lack sufficient information or knowledge to admit or deny this allegation.

12. Defendants lack sufficient information or knowledge to admit or deny this allegation.

13. Defendants lack sufficient information or knowledge to admit or deny these allegations.

14. Defendants lack sufficient information or knowledge to admit or deny these allegations.

15. Defendants lack sufficient information or knowledge to admit or deny these allegations.

16. Defendants lack sufficient information or knowledge to admit or deny this allegation.

17. Defendants lack sufficient information or knowledge to admit or deny this allegation.

18. Defendants lack sufficient information or knowledge to admit or deny this allegation.

19. Defendants lack sufficient information or knowledge to admit or deny this allegation.

20. Defendants lack sufficient information or knowledge to admit or deny these allegations.

21. Defendants lack sufficient information or knowledge to admit or deny this allegation.

22. Admit.

23. Admit.

24. Deny.

25. Defendants admit the first sentence in this paragraph. Defendant Thomas denies the remainder of the allegations as stated. Defendant Thomas denies trying to persuade Plaintiff to drop the charges against Coffie. Defendant Thomas admits Plaintiff asked her "How do you deal with the situation and how do you move on?" Defendant Thomas admits she told Plaintiff to take comfort in the fact that Coffie didn't get anything from her and to let things go and get on with her life.

26. Defendants lack sufficient information or knowledge to admit or deny the first sentence in this paragraph. Defendant Thomas denies the second sentence as stated. Defendant Thomas denies advocating or testifying on behalf of Coffie. Defendant Thomas did testify at a hearing regarding the Emergency Protective Order about modifying the order to allow Coffie on UTMB campus to attend classes until his guilt or innocence was resolved.

27. Defendants deny this paragraph in its entirety.

28. Defendants admit that Dr. Thomas is African-American, but deny the remainder of this allegation.

29. Defendant Thomas admits that, as Associate Dean, she knew Coffie as a medical student, but denies the remainder of the allegations in this paragraph.

30. Defendants deny the allegations in the first sentence as stated. Defendants admit that Plaintiff inquired, but deny that she demanded Coffie be transferred to another UT medical school. Plaintiff was told that the student must initiate the request for a transfer, that Dr. Thomas could not initiate one on her own. Defendants admit that Plaintiff did mention a transfer, but never formally requested one. Defendants deny the remainder of this paragraph.

31. Denied.

32. Denied.

33. Defendant Thomas lacks sufficient information or knowledge to admit or deny this allegation.

34. Defendants lack sufficient information or knowledge to admit or deny this allegation.

35. Defendants are unable to admit or deny this allegation as the sentence is unintelligible.

36. Defendants lack sufficient information or knowledge to admit or deny this allegation.

37. Defendants lack sufficient information or knowledge to admit or deny this allegation.

38. Defendants lack sufficient information or knowledge to admit or deny this allegation, but to the extent Plaintiff claims Defendants "caused" her to contact anyone, it is denied.

39. Defendants lack sufficient information or knowledge to admit or deny this allegation, but to the extent Plaintiff may be asserting that Defendants should have "informed" her of any legal claims she had against them before missing any deadlines, it is denied.

40. Denied.

41. Denied.

42. Admitted, with the exception of the phrase "tantamount to restrictions on his person," which is vague and confusing.

43. Defendants deny the allegation contained in the first sentence of this paragraph. Defendants admit that March 13, 2006 is within two years of March 29, 2004.

44. As merely Plaintiff Maltbia's description of her claims, this statement does not require an admission or denial, however Defendants deny all allegations brought against them.

45. Defendants lack sufficient information of knowledge to admit or deny Plaintiff's claim of incurring "unnecessary financial expense in continuing to purse (sic) her medical education" at UTMB, but deny that Plaintiff was made to perform in a hostile environment.

46. Defendants lack sufficient information or knowledge to admit or deny this allegation.

47. Denied.

## Damages

48. Denied, however Defendants deny that Plaintiff is entitled to any of the relief she demands.

49. As merely Plaintiff's description of her lawsuit, this statement does not require an admission or denial.

## Causes of Action

### Cause of Action One - Assault

50. As merely Plaintiff's legal description of one of her claims, this statement does not require an admission or denial.

51. Defendants lack sufficient information or knowledge to admit or deny this allegation.

52. Defendants lack sufficient information or knowledge to admit or deny this allegation.

53. Defendants lack sufficient information or knowledge to admit or deny this allegation.

54. Defendants lack sufficient information or knowledge to admit or deny this allegation.

55. Defendants lack sufficient information or knowledge to admit or deny this allegation.

### Cause of Action Two - Intentional Infliction of Emotional Distress

56. As merely Plaintiff's legal description of one of her claims, this statement does not require an admission or denial.

57. As a legal conclusion made by the Plaintiff, this statement does not require an admission or denial.

58. Defendants deny the allegations in this paragraph.

59. Denied.

60. Denied.

61. Denied.

### Cause of Action Three - Violation of Title IX - Retaliation

62. As merely Plaintiff's legal description of one of her claims, this statement does not require an admission or denial.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

**Cause of Action Four- Violation of 18 U.S.C. § 1983 - Violation of Substantive Due Process**

70. As merely Plaintiff's legal description of one of her claims, this statement does not require an admission or denial.

71. As a legal conclusion made by the Plaintiff, this statement does not require an admission or denial.

72. Admit.

73. Denied.

74. There is no paragraph # 74

75. Denied.

76. Denied.

77. Denied.

**Cause of Action Five -Violation of 18 U.S.C. § 1983 - Violation of Procedural Due Process**

78. As merely Plaintiff's legal description of one of her claims, this statement does not require an admission or denial.

79. As a legal conclusion made by the Plaintiff, this statement does not require an admission or denial.

80. As a legal conclusion made by the Plaintiff, this statement does not require an admission or denial.

81. Admit.

82. Denied.

83. Defendants lack sufficient information or knowledge to admit or deny this allegation.

84. Denied.

85. Defendants lack sufficient information or knowledge to admit or deny this allegation.

86. Denied.

87. Defendants lack sufficient information or knowledge to admit or deny this allegation.

## Relief One

88. The defendants deny that Plaintiff is entitled to any of the relief she demands.

## Relief Two

89. The defendants deny that Plaintiff is entitled to any of the relief she demands.

## Relief Three

90. The defendants deny that Plaintiff is entitled to any of the relief she demands.

## Relief Four

91. The defendants deny that Plaintiff is entitled to any of the relief she demands.

## Relief Five

92. The defendants deny that Plaintiff is entitled to any of the relief she demands.

## Relief Six

93. The defendants deny that Plaintiff is entitled to any of the relief she demands.

## PRAYER FOR RELIEF

1-7. The defendants deny that Plaintiff is entitled to any of the relief she demands.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims under 42 U.S.C. § 1983 against UTMB and against Dr. Thomas in her official capacity for damages are jurisdictionally barred by sovereign immunity.

2. Plaintiff's claims under 42 U.S.C. § 1983 against Dr. Thomas for damages are barred by qualified immunity.

3. Plaintiff's claims under Texas common law against Dr. Thomas for damages are barred by official immunity.

4. Plaintiff's claims are time-barred.

5. Plaintiff has failed to mitigate her damages.

6. Defendants assert the right to raise additional defenses that become apparent throughout the factual development of this case.

## CONCLUSION

In view of all the foregoing, the defendants respectfully pray that plaintiff take nothing by her claims, that the defendants recover their costs, and that the defendants be awarded such further relief to which they show themselves justly entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

        EDWARD D. BURBACH
        Deputy Attorney General for Litigation

        JEFF L. ROSE
        Chief, General Litigation Division


        _____/s/_____
        JAMES C. TODD
        Southern District I.D. # 8333
        Assistant Attorney General
        Office of the Attorney General
        General Litigation Division
        Texas Bar No. 20094700
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        Phone (512) 463-2120
        Fax (512) 320-0667

        ATTORNEYS FOR UTMB DEFENDANTS.
        Dean Lauree Thomas and the University of Texas
        Medical Branch, School of Medicine


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument has been sent, Certified Mail, return receipt requested on this the 10th day of April, 2006.


Jimmie L. J. Brown Jr.
LAW OFFICE OF JIMMIE L. J. BROWN JR.
6666 Harwin Drive, suite 340
Houston, Texas 77036
*Attorney for Plaintiff*


        _____/s/_____
        JAMES C. TODD
        ASSISTANT ATTORNEY GENERAL