**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| CHYKEETRA S. MALTBIA, } | |
| *Plaintiff* } | |
| v. } | CIVIL ACTION NO. H-06-834 |
| } | |
| LINCOLN G. COFFIE, DEAN LAUREE } | |
| THOMAS, AND UNIVERSITY OF TEXAS } | |
| MEDICAL BRANCH } | |
| *Defendants* | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Defendants Lauree Thomas ("Thomas") and the University of Texas Medical Branch's ("UTMB") (collectively "the UTMB Defendants") "Motion to Dismiss and for Rule 7 Order" (Doc. 7). For the following reasons, the UTMB Defendants' motion is GRANTED.

I. Relevant Factual Background.

Because the UTMB Defendants have moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, the court will accept Plaintiff's factual allegations as true and will draw all reasonable inferences in her favor. *Summit Health, Ltd. v. Pinhas*, 500 U.S. 322, 325 (1991).

Plaintiff Chykeetra S. Maltbia's ("Maltbia") was sexually assaulted by another UTMB student on November 18, 2003. Defendant Lincoln G. Coffie ("Coffie"), an acquaintance of Maltbia, was the perpetrator of the attack. The attack occurred at Maltbia's off campus apartment in Galveston, Texas. Coffie was arrested at the scene. He was later indicted for attempted sexual assault and is currently awaiting trial.

The day after the attack, Maltbia obtained an emergency protective order. She presented the order to Defendant Thomas, an Associate Dean at UTMB. Under the terms of the

order, Coffie was prohibited from communicating or coming within 200 yards of Maltbia. Maltbia was unaware, at the time, that Thomas knew Coffie personally.

Associate Dean Thomas immediately tried to convince Maltbia not to pursue charges against Coffie. Thomas did not initially threaten Maltbia, but she called her into her office several times to discuss the assault and tried to persuade her not to press charges. Thomas urged Maltbia to forgive Coffie, to take solace in the fact that "he didn't get it," and just to get on with her life. Eventually, Thomas admitted to Maltbia that she knew Coffie, and said she did not believe him capable of rape. She added that if Maltbia did not drop her claim against Coffie, she would find continuing at medical school difficult.

UTMB's administration did not respond to Maltbia complaints about Thomas's behavior or to her request that she or Coffie be transferred to another medical school. UTMB also did not inform Maltbia of her legal rights or how to pursue those rights before the Office of Civil Rights ("OCR").

During this period, Coffie was disciplined under the Student Code of Conduct. A university panel, selected by Thomas, eventually found he had engaged in sexual harassment and imposed restrictions on his person. Its decision was affirmed on appeal on March 29, 2004.

Maltbia filed her original complaint on March 13, 2006. She amended her complaint on August 15, 2006 (Doc. 14). Maltbia's amended complaint states nine causes of action: (1) assault; (2) intentional infliction of emotional distress; (3) retaliation in violation of Title IX; (4) violation of substantive due process under Title 42 United States Code Section 1983; (5) violation of procedural due process under Title 42 United States Code Section 1983; (6) disparate treatment in violation of Equal Protection clause of the Fourteenth Amendment against UTMB; (7) disparate treatment in violation of equal protection clause of the Fourteenth Amendment against Thomas; (8) violation of the First Amendment of the United States Constitution; and (9) violation of the First Amendment of the United States Constitution under Title 42 United States Code Section 1983.

II. Analysis

The UTMB Defendants raise four issues in their motion to dismiss: (1) whether sovereign immunity shields them from suit under Section 1983; (2) whether Maltbia's claims are time barred; (3) whether Thomas is shielded by qualified immunity, and (4) whether Maltbia's claims are viable under the facts alleged. Because the court has decided the first two points in the UTMB Defendants favor, it will not consider their subsidiary arguments at this time.

Eleventh Amendment sovereign immunity shields UTMB and Thomas, in her official capacity, from Maltbia's Section 1983 claims. UTMB is a state agency, and Congress has not acted to abrogate state sovereign immunity in Section 1983 claims. *See* Tex. Ed. Code §§ 61.003; *Clay v. Texas Women's University*, 728 F.2d 714, 717 (5th Cir. 1984); *Chako v. Texas A&M Univ.*, 960 F.Supp. 1180, 1198 (S.D. Tex. 1997), *aff'd*, 149 F.3d 1175 (5th Cir. 1998). Because a suit against an official in her official capacity is no different from a suit against a state, Maltbia's claims against Thomas, in her official capacity, are barred as well. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

Maltbia's claims against the UTMB Defendants also appear to be untimely. A two year statute of limitations governs Maltbia's federal claims under Title IX and Section 1983 as well as her state law claim for intentional infliction of emotional distress. *See* 42 U.S.C. 1988; Tex. Civ. Prac. & Rem. Code § 16.003 (two year statute of limitations on claims for personal injury). This two year period begins to run "'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (quoting *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992)). Plaintiff's awareness encompasses both knowledge of the injury and knowledge of the causal link between the injury and the defendant. *Id.* (quoting *Pitrowski I*, 51 F.3d at 516). In this case, Maltbia's complaint was filed on March 13, 2006, which, absent tolling, yields an accrual date of March 13, 2004. All of the events described in Maltbia's complaint appear to have occurred before this date. Maltbia alleges that she was assaulted on November 18, 2003, and that

her meetings with Thomas occurred during the following month. Therefore, all of Maltbia's claims arising out of Thomas's harrassment are time barred.

Maltbia makes two tolling arguments in opposition to the UTMB Defendants' motion. First, she argues that the statute of limitations should be equitably tolled during the pendency of her action against Coffie under the Student Code of Conduct. Second, she argues that the statute of limitations should be tolled because Defendants did not inform her of her legal rights or how to contact and initiate proceedings before the OCR.

Neither of Maltbia's tolling arguments are convincing. Her first argument, that her pursuit of an administrative claim under the Student Code of Conduct tolls the statute of limitations, fails because equitable tolling applies only when a person is *prevented* from exercising his legal remedy by the pendency of another legal proceeding. *See Weisz v. Spindletop Oil and Gas Co.*, 664 S.W.2d 423, 425 (Tex. Ct. App. 1983). In this case, Maltbia was not prevented from filing a claim because of the pendency of the proceeding against Coffie under the Student Code of Conduct. Her second argument, that the statute of limitations should be tolled because the UTMB Defendants did not inform her of her rights or how to contact the OCR, is also flawed. For a claim to accrue, it is not necessary for a plaintiff to be aware of the law governing his claim, or even that such law exists. *Piotrowski*, 237 F.3d at 576. Rather, the statute of limitations begins to run when plaintiff is aware the he has been injured and that his injury was caused by defendant. *Id.* In order to toll the statute of limitations on the basis of a defendant's conduct, it must be appear that such conduct "reasonably induced the plaintiff not to file suit within the limitations period." *McGregor v. Louisiana State Board of Supervisors*, 3 F.3d 850, 865 (5th Cir. 1993). Maltbia does not allege that any of the Defendants actively concealed her injuries or their role in causing them. Rather, she alleges that they merely stood by while the statute of limitations ran on her claims. This does not justify tolling.

III. Conclusion

The resolution of the two issues already discussed – sovereign immunity and statute of limitations – appears to dispose completely of Maltbia's claims against the UTMB Defendants. Nevertheless, because in some cases the allegations made in Maltbia's complaint are unclear, Maltbia may file a second amended complaint asserting any claim against the UTMB Defendants that accrued on or after March 13, 2004. Should Maltbia fail to file such a complaint within 10 days of the issuance of this order, this order will become final and Maltbia's claims against the UTMB Defendants will be dismissed with prejudice.

SIGNED at Houston, Texas this 5th day of January, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE